U.S. COURTS

NOV 14 2018

UNITED STATES DISTRICT COURT
for the
District of Idaho

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

| | |
|---|---|
| Nicholas D Scoyni | Case No. 1:18-cv-506-BLW |
| *Plaintiff* | |
| -V- | |
| Daniel R Salvador, | Jury Trial - yes |
| Christopher A Salvador, | |
| Wayne J Salvador, | |
| William Wardwell, | |
| (Offspec Solutions, LLC, | |
| Offspec Solutions Southeast, et al. ) | |
| *Defendant(s)* | |

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

A. Plaintiff

Name _____ Nicholas D Scoyni _____

Street Address _____ 1701 Blaine Blv _____

City and County _____ Caldwell, Canyon County _____

1

State and Zip code ___Idaho, 83605_____

Telephone Number __(208) 519- 8246_____

E-mail Address __Nscoyni@gmail.com_____

B. The Defendants

**Defendant 1**

Name _____William Wardwell_____

Job or Title ____Organizer/ authorized agent/ investor/ person of authority

Street Address _____242 N 8th St # 220_____

City and County __Boise, Ada county _____

State and Zip code ___Idaho , 83702_____

Telephone Number _ (208)3456021_____

E-mail Address ____ williamwardwell@varinwardwell.com_____

**Defendant 2**

Name _____Daniel Ray Salvador  (aka) Daniel Ryan Salvador_____

Job or Title _____CEO_____

Street Address ___1428 Madison, Ave_____

City and County __Nampa, Canyon County _____

State and Zip code  Idaho, 83687

Telephone Number (208)4752500

E-mail Address    Danielsalvador@offspecsolutions.com

**Defendant 3**

Name _____ Christopher A Salvador

Job or Title _____ CFO

Street Address ___ 1428 Madison, Ave

City and County __ Nampa, Canyon County

State and Zip code  Idaho, 83687

Telephone Number (208)4752500

E-mail Address ___ Christophersalvador@offspecsolutions.com

**Defendant 4**

Name _____ Wayne J Salvador

Job or Title _____ Recruitment/corporate advertiser

Street Address ___ 1428 Madison, Ave

City and County __ Nampa, Canyon County

State and Zip code  Idaho, 83687

Telephone Number (208)4752500

E-mail Address

## II. Basis for Jurisdiction

Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

**The Basis for Jurisdiction Is Diversity of Citizenship**

**1. The Plaintiff**

The plaintiff is an individual

The plaintiff Nicholas D Scoyni is a citizen of the State of Washington.

**2. The Defendants**

**Defendant 1**

The defendant is a corporation

The defendant Offspec Solutions, LLC is incorporated under the laws of the State of Delaware and has its principal place of business in the state of Idaho.

**Defendant 2**

The defendant is a corporation

The defendant Offspec Solutions Southeast, LLC is incorporated under the laws of the state of Idaho and has its principal place of business in the state of Idaho.

### 3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because there is 39,468,000 million as Offspec Solutions,LLC reported 2016 and 2017 as having driven 7.8 million miles to the FSMCA with a national average of 2.53 a mile as reported by DAT truck services from federal trademark registration date owned by plaintiff. Then leaving the breach of contract if from same start date at 5,920,200 that is 15 percent of total gross agreed upon by defendants to pay plaintiff. Then 3 million for defamation of character/ irreparable harm to a total of $48,388,200 million owed by defendants in controversy.

### III. Statement of Claim

Comes here respectfully before the court that defendants Christopher A Salvador, and brother Daniel R Salvador attempted to enter into an oral contract in the state of Idaho with plaintiff over plaintiff's intellectual property in April of 2012. In this contract the plaintiff stipulated that the defendants must retain a legal article of organization without unrepresented minors pursuant Idaho law 29-101 present in a contract between state and the individuals as a limited liability corporations contract, also that plaintiff must maintain all corporation trademarks relating to plaintiff's intellectual property, including observance as to federal law of trademark use, lease, by being a company driver with a specific route already used by plaintiff in transportation industry, and must have new truck only used by plaintiff , that after corporation reached over one million

a year gross profit, plaintiff would receive 15 percent of gross profit from then forward, and that all future arbitration can be decided by polygraph test of parties, and that would be admissible in court to settle any claims, also that use of any intellectual property is an agreement to this contract in full just as a signed contract legally binding in all ways by laws of Idaho state. The father of defendants Wayne J Salvador advised the two defendants should simply take the property by copywriting the plaintiff's trademark, or simply sending themselves a letter in the mail. In August of 2012 they simply just did use plaintiff's mark without permissions or intent of payment under presumption by both parties that mark functioned as a service mark at the time. Being confronted with this in 2015 after plaintiff's discovery of department of transportation numbers in use by the defendants, the defendants did agree to abide by the above stated contract, they provided truck and route for one year, and asked if plaintiff wanted to work in the office, plaintiff simply stated that it was not in their agreement. Then had no further contract with defendants traveled as they traveled the world, and United States, Then plaintiff learns defendants started another division of corporation in another of plaintiff's names, and had exceeded goals of contract dismissing knowledge of a contract with plaintiff, then terminated relationship with plaintiff for owning trademarks in company names. Their business partner-attorney William Wardwell then reciprocated cease and desist letters with fraudulent statements, entity claims, date claims, as to 2010 in agricultural class designation, not class 39 for the trade names even though later he states different dates on a USPTO application that was then suspended by the USPTO as the plaintiff's trade mark registration is deemed likelihood of confusion to the point of baring any attempts of defendants to ever register by the USPTO , also Mr Wardwell stated in same "that the plaintiff should give up or he would only cause embarrassment to himself, lie detector, affidavits, and other evidence will never be admissible so

6

the plaintiff cannot prove his case, and that his understanding of contract laws are just fatally flawed, and so he should just surrender trademarks he has ever already "Owned" or else he will seek "Remedies" for plaintiffs ownership of his own trademarks, and then maybe Mr Wardwell continues he would let the plaintiff off the hook for owning these trade names" (A pay to play feeling, Note not exact quote is brief overview). This after plaintiff issued a cease and desists December of 2016. Defendants then told all local brokerage and customers to no longer do business with or pay plaintiff or his dispatchers he knew long before these defendants entered the transportation business, or Mr Wardwell would seek remedies and began a smear campaign damaging plaintiff's customers and business to the point of irreparable damage, even on web sites such as " Real Offspec" found on Facebook, testify to this effect. The entire time plaintiff maintained a business under the trade names Offspec Solutions, Offspec Solutions Southeast, and Offspec Solutions S.E that stands for Scoyni, enterprises and as service marks, since 2006 in the class 39 transportation . These defendants have a direct arrogant outlook, view, dismissive nature, and attitudes on the law as to what they can get away with in their shuffling of secretary of state paperwork and their licensees with malaise. Mr Wardwell also signed articles of organization amendment and direct name change documents, as not only organizer, and registered agent, but one name change document to trade name Offspec Solutions,LLC  as "authorized person" against Idaho law 30-25-203 individualizing his contribution to infringement going outside third party attorney client corporate privilege, and more to the effect as a private person, not a representative. There has been a police report filed for criminal fraud in this case by the plaintiff as defendants used knowingly the original article of organization as an identity document of state to aid in the theft of intellectual property of the plaintiffs by appearing

7

to be prior to plaintiffs as to their belief, creating a crime within a civil offence pursuant 18 USC ss 1028 they had knowledge of existing civil crime.

**IV. Relief**

First addressing Offspec Solutions, LLC, and the direct Infrengment they have committed toward this plaintiff, as plaintiff would respectfully ask the court to order this group to cease and desist use of any mark with the likelihood of confusion of all of this plaintiffs own trade names or service marks. Second this plaintiff would like compensation for what has been maliciously, purposely taken from use by these infringing marks out of unfair business practice, use in commerce, and enjoyed by these individuals without their intention of payment to owner of marks this plaintiff here. That amount from the federal registration original file date 12/30/2016 that is published in the Gazette is upward of $39,468,000 million. The breach of contract the defendants originally agreed to orally and then later through use they then accepted terms of the contract as agreed comes to $5,920,200 , that is 15 percent of the total amount above unless your honor decided to grant the span of contract before Gazette publication amounting to much more. The defendants also caused irreparable damage through defamation of character to this plaintiff's business; this plaintiff seeks 3 million in damage, as business may not be able to recover from damage caused by defendants, in what they believed to be just fair business competition without responsibility.

**V. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an

improper Purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. Party Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __11/14/2018__

Signature of Plaintiff __/s/ Nicholas Scoyni__

Printed Name of Plaintiff __Nicholas D Scoyni__