# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS D. SCOYNI,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL R. SALVADOR, CHRISTOPHER A. SALVADOR, WAYNE J. SALVADOR, WILLIAM WARDWELL, Offspec Solutions, LLC, Offspec Solutions Southeast, et al,<br><br>    Defendants. | Case No. 1:18-CV-506-REB<br><br>**MEMORANDUM DECISION AND ORDER:**<br><br>**RE: TEMPORARY STAY (DKT. 7)**<br><br>**RE: DEFENDANTS' MOTION TO STAY (DKT. 6)**<br><br>**RE: DEFENDANTS' MOTION TO STRIKE, RENEWED MOTION TO STAY, AND MOTION REQUESTING THE COURT TO REQUIRE PLAINTIFF TO SEEK LEAVE OF COURT BEFORE FILING FURTHER PAPERS (DKT. 11)**<br><br>**RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. 10)** |

Despite the relative recency of this case being filed, it has already involved a flurry of filings. At issue here are (1) the Court's prior order temporarily staying the case (Dkt. 7), (2) Defendants' Motion to Stay Proceedings Pending Participation in a Judicial Settlement Conference (Dkt. 6), (3) Defendants' Motion to Strike, Renewed Motion to Stay Proceedings Pending Participation in a Judicial Settlement Conference, and Motion Requesting the Court to Require Plaintiff to Seek Leave of Court Before Filing Further Papers (Dkt. 11), and (4) Plaintiff's Motion for Default Judgment (Dkt. 10). Some of the issues raised in these motions were discussed at a status conference held January 10, 2019, although the conference was not a hearing on any at-issue motions. Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER RE: VARIOUS MOTIONS – 1**

## BACKGROUND

On November 14, 2018, Plaintiff Nicholas D. Scoyni ("Scoyni"), representing himself pro se, filed his Complaint naming as Defendants Daniel R. Salvador, Christopher A. Salvador, Wayne J. Salvador, William Wardwell, Offspec Solutions LLC, and Offspec Solutions Southeast (Dkt. 1). Summonses were issued the same day as to the four individually-named defendants. (Dkt. 1).

On November 21, 2018, Scoyni filed each of the four summonses returned executed. (Dkt. 2.) He also filed a Motion for Partial Summary Judgment (Dkt. 3) the same day. At that point, no defendant had responded to the Complaint or otherwise appeared.

On December 6, 2018, Defendant Wardwell filed an Answer (Dkt. 4).

On December 12, 2018, all defendants joined in a Motion to Stay Proceedings Pending Participation in a Judicial Settlement Conference[1] (Dkt. 6).

On December 12, 2018, Scoyni filed a Reply to Defendant Wardwell's Answer (Dkt. 9), which is the subject of Defendants' motion to strike (Dkt. 11). Scoyni moved for default judgment (Dkt. 10) the same day. However, the motion was not entered on the docket until December 19, 2018.

On December 13, 2018, the Court entered an order temporarily staying the case until the resolution of Defendants' Motion to Stay (Dkt. 7).

On December 17, 2018, Scoyni filed a second motion for partial summary judgment (Dkt. 13). He also filed an opposition to Defendants' motion to stay that same day. (Dkt. 14.) Both filings were entered on the docket on December 27, 2018.

---

[1] The motion was titled as a "joint motion," which the Court understands to be a joint motion of the defendants, not a joint motion of all parties.

**MEMORANDUM DECISION AND ORDER RE: VARIOUS MOTIONS – 2**

On December 21, 2018, all Defendants except William Wardwell filed a Motion to Strike, Renewed Motion to Stay Proceedings Pending Participation in a Judicial Settlement Conference, and Motion Requesting the Court to Require Plaintiff to Seek Leave of Court Before Filing Further Papers (Dkt. 11).

On December 27, 2018, Scoyni filed a Notice of Appeal (Dkt. 12) as to the Court's order temporarily staying the case (Dkt. 7). Ninth Circuit case number 18-36086 was assigned for the appeal, which remains pending. (Dkt. 16.)

On January 10, 2019, the Court held a status conference with Scoyni and counsel for the defendants. (Dkt. 15.) At the conference, Scoyni and counsel for Defendant Wardwell orally stipulated that Defendant Wardwell should be dismissed from this action without prejudice and with Defendant Wardwell not seeking to recover any fees or costs connected to his having been sued in this matter. Based on such stipulation, the Court orally ordered such dismissal without prejudice, each party to bear his own costs and fees. A written Order documenting such dismissal will be issued contemporaneously with the instant Memorandum Decision and Order.

## DISCUSSION

**1. The Temporary Stay Is Lifted.**

District courts ordinarily have authority to issue a stay in the exercise of the Court's discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Court did so here, and Scoyni filed a notice of appeal referring to the order which entered the stay. As a result, there is an issue of whether Soyni's appeal prevents this Court from moving forward with the case in the trial court.

As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer*

*Discount Co.*, 459 U.S. 56, 58 (1982). But the general rule of exclusive appellate jurisdiction is not absolute. *Rains v. Flinn (In re Rains)*, 428 F.3d 893, 904 (9th Cir. 2005). In circumstances "where the deficiency in a notice of appeal, by reason of … reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). This principle is commonly applied, including in the District of Idaho. *E.g.*, *Ellison v. Montana Wardens*, 2018 WL 3383427 (D. Mont. July 11, 2018); *Emrit v. Denney*, 2018 WL 1865159 (D. Idaho April 18, 2018); *Higdon v. Malachinski*, 2017 WL 6819930 (D. Ariz. Dec. 11, 2017).

Scoyni's appeal does not deprive this Court of continuing its jurisdiction over this case. Broadly, federal appellate courts have jurisdiction conferred and strictly limited by statute. A party may appeal as of right from a final order, per 28 U.S.C. § 1291. A party may also appeal as of right an order granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, per 28 U.S.C. § 1292(a)(1). Finally, per 28 U.S.C. § 1292(b), a party may appeal an interlocutory order by permission, after a judge certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[2]

---

[2] Other grounds for appeal exist but clearly are not implicated here, such as a Rule 54(b) certification in a case with multiple parties or multiple claims, statutory appeal rights related to arbitration or review of administrative actions, and judge-made exceptions like the one in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (holding certain decisions appealable if they finally determine claims of right separable from, and collateral to, rights asserted in the action).

**MEMORANDUM DECISION AND ORDER RE: VARIOUS MOTIONS – 4**

The order Scoyni appealed – that of a temporary stay – is not a final judgment. Nor has the Court certified that an interlocutory appeal is justified. Thus, the only way the notice of appeal could be valid is if it challenges an order regarding an injunction under 28 U.S.C. § 1292(a)(1). But a stay of proceedings is not an injunction: "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (overruling prior cases which considered a stay to be an injunction in certain circumstances). Thus, Scoyni's notice of appeal is deficient because it is based upon a non-appealable order.

Separately, as the Court described in the recent status conference, the Court has decided to lift the temporary stay. The Court orders that the temporary stay (Dkt. 7) is lifted and the case will proceed forward. A scheduling order setting relevant deadlines and procedures will be entered contemporaneously with the instant Decision and Order. In addition, any defendant who has not yet filed an answer or other response to Scoyni's Complaint (Dkt. 1) shall have until February 1, 2019 to respond.

2. **Defendants' Motion to Stay and Renewed Motion to Stay Are Denied.**

Defendants seek to stay this matter so that the parties may participate in a judicial settlement conference. (Dkts. 6, 11.) Scoyni opposes such a settlement conference. (Dkt. 14.) As discussed at the status conference held January 10, 2019, the Court will not require Scoyni to participate in a judicial settlement conference at this early stage of the case and will not further stay the proceedings. The parties are, of course, free to have their own settlement discussions at any time, but the Court will not require a judicial settlement conference at this time. The Court will, however, require some form of alternative dispute resolution to be pursued, as is the usual

requirement of every court scheduling order.

Defendants' concerns about the pace and sequence of filings and deadlines in this matter are addressed in the contemporaneously-filed Scheduling Order

Defendants' Motion to Stay (Dkt. 6) is denied. Defendants' Renewed Motion to Stay (Dkt. 11) is denied to the extent it seeks a stay.

3. **Defendants' Motion to Strike Is Granted.**

Defendants move to strike Scoyni's reply (Dkt. 9) to Defendant Wardwell's Answer (Dkt. 4), contending it is not a pleading allowed by the Federal Rules of Civil Procedure. (Dkt. 11.) Federal Rule of Civil Procedure 7 ("Rule 7") describes the form of allowed pleadings. Per Rule 7(a)(7), a "reply" to an answer is only allowed if ordered by the court. This Court has not ordered Scoyni to reply to Defendant Wardwell's Answer, nor did Scoyni request permission from the Court to file such a reply. Hence, the pleading is improper. Defendants' motion to strike (Dkt. 11) is granted and Scoyni's reply (Dkt. 9) is deemed stricken from the record.

4. **No Leave of Court Will Be Required Prior to Filing.**

Defendants request the Court to require Scoyni to seek leave of the Court – i.e., to seek permission – to make any further filings. (Dkt. 11.) Defendants contend such a requirement serves interests of judicial economy and fairness, in light of what they describe as Scoyni's "serial filings," many of which Defendants contend are improper.

This case is not typical of most civil litigation in a federal court, but it is also not atypical of a case involving a pro se litigant. Scoyni's first motion for partial summary judgment was filed prior to any defendant appearing, for instance. Scoyni has already filed two motions for summary judgment, while the Court's practice as a means of managing cases and the docket is to accept only one such motion per party. Scoyni will be required to follow the Court's scheduling

order going forward, and the local and federal rules of civil procedure, just as every other litigant. "Pro se litigants are bound by the rules of procedure" and compliance with such rules is expected. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Scheduling Order and this Decision and Order place structure and control over the proceedings in this matter. If either Scoyni or Defendants run afield from the template of the rules and the Scheduling Order, then the Court will issue appropriate orders to keep the case in its proper path and will consider monetary or other sanctions to address violations of that template if justified.

**5. Plaintiff's Motion for Default Judgment Is Denied.**

Pursuant to Federal Rule of Civil Procedure 55 ("Rule 55"), Scoyni seeks entry of default judgment in this matter against one or more defendants (Dkt. 10). Under Rule 55, a two-step process allows, but does not require, that a default judgment may be entered. First, under Rule 55(a), a plaintiff may request the clerk to enter a default against a party upon a showing that the party "has failed to plead or otherwise defend" in the matter. After entry of default, and upon application by the plaintiff, a default judgment may then be entered by the clerk or by the court pursuant to Rule 55(b).

Here, there has been no request for an entry of default, nor any entry of default, by the clerk. Accordingly, the motion for default judgment is not supported and is denied.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**MEMORANDUM DECISION AND ORDER RE: VARIOUS MOTIONS – 7**

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court's temporary stay, implemented by the Order at Docket No. 7, is **LIFTED**.

2. Any defendant who has not yet responded to Plaintiff's Complaint (Dkt. 1) shall respond by **February 1, 2019**.

3. Defendants' Motion to Stay (Dkt. 6) is **DENIED**.

4. Defendants' Motion to Strike, Renewed Motion to Stay Proceedings Pending Participation in a Judicial Settlement Conference, and Motion Requesting the Court to Require Plaintiff to Seek Leave of Court Before Filing Further Papers (Dkt. 11) is **GRANTED IN PART AND DENIED IN PART**:

    a. Defendants' Motion to Strike Plaintiff's Reply (Dkt. 9) to Defendant Wardwell's Answer (Dkt. 4) is **GRANTED**. Dkt. 9 is deemed **STRICKEN** from the record.

    b. Defendants' motion is otherwise **DENIED**.

5. Plaintiff's Motion for Default Judgment (Dkt. 10) is **DENIED**.

DATED: January 22, 2019

_____
Honorable Ronald E. Bush
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER RE: VARIOUS MOTIONS – 8**