UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS SCOYNI,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL R. SALVADOR, CHRISTOPHER A. SALVADOR, WAYNE J. SALVADOR, OFFSPEC SOLUTIONS LLC, OFFSPEC SOLUTIONS SOUTHEAST,<br><br>Defendants. | Case No. 1:18-CV-506-BLW<br><br>**ORDER DENYING MOTION TO STRIKE AND MOTION TO TREBLE DAMAGE AWARD** |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Strike (Dkt. 81), and Motion to Treble Damage Award. (Dkt. 82.) The motions are briefed and ripe for the Court's review. For the reasons set forth below, the Court will deny both motions.

**1. Motion to Strike**

Plaintiff asks the Court to strike "any relief asked in pleadings, or any other way that is barred by federal statutes." (Dkt. 81 at 1.) In support of this request,

Plaintiff cites the Lanham Act, 15 U.S.C. § 1125(c)(5). *Id.* The Act's Section 1125(c) provides injunctive relief to the owner of "a famous [trade] mark that is inherently distinctive" against any person who uses the famous mark in commerce in a way "that is likely to cause dilution" of the famous mark regardless of whether there is actual competition or economic injury caused by the use. Plaintiff "asks any such reliance of this title […] by defendants in this case be stricken or barred." (Dkt. 81 at 2.)

Federal Rule of Civil Procedure 12(f) permits a Court to strike "any redundant, immaterial, impertinent or scandalous matter" in a pleading upon the motion of an opposing party filed within 21-days after service of the pleading. Fed. R. Civ. P. 12(f).

In this instance, Defendants filed their Answer and Counterclaim on April 19, 2019. (Dkt. 41.) Plaintiff filed a response to the Answer and Counterclaim on April 25, 2019. (Dkt. 43.) Plaintiff filed the pending motion to strike on October 17, 2019—nearly six months after Defendants' pleading was filed. (Dkt. 81.) For reason of untimeliness alone, the Court must deny the motion to strike. However, even if timely, the Court would deny the motion as meritless—upon review of Defendants' Answer and Counterclaim, the Court finds no redundant, immaterial, impertinent or scandalous matter that would call for the disfavored action of striking material from a pleading.

## 2. Motion to Treble Damage Award

Plaintiff contends in his Motion to Treble Damage Award that Defendants admit to "purposefully counterfeit of the mark to case herein," and that "if liability be found against defendants treble damages be awarded" pursuant to 15 U.S.C. § 1117. (Dkt. 82 at 1) Plaintiff then cites portions of Section 1117 in support of his motion. (*Id.*, at 2-4.) However, as Defendants point out in their response, they have made no such admission. (Dkt. 88 at 3.) Furthermore, the motion to treble the damage award is premature as Defendants have not been found in violation of Lanham Act. Therefore, at this stage in the litigation, the Court will deny Plaintiff's Motion to Treble Damage Award.

## ORDER

**IT IS ORDERED that**

1. Plaintiff's Motion to Strike (Dkt. 81) is **DENIED**.
2. Plaintiff's Motion to Treble Damage Award (Dkt. 82) is **DENIED**.

DATED: December 16, 2019

B. Lynn Winmill
U.S. District Court Judge