Thomas E. Dvorak (ID Bar #5043)
Jason J. Blakley (ID Bar #9497)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho  83701-2720
Telephone:  (208) 388-1200
Facsimile:  (208) 388-1300
Email:  tedservice@givenspursley.com
        jasonblakley@givenspursley.com

Scott D. Swanson (ID Bar #8156)
SHAVER & SWANSON, LLP
913 W. River St. Ste. 420
P.O. Box 877
Boise, ID  83701
Telephone:  (208) 345-1122
Facsimile:  (208) 388-6035
Email:  swanson@shaverswanson.com

Richard H. Greener (ID Bar #1191)
Slade D. Sokol (ID Bar #8684)
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID 83702
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  rgreener@parsonsbehle.com
        ssokol@parsonsbehle.com

*Attorneys for Defendants Daniel R. Salvador, Christopher A. Salvador, Wayne J. Salvador, Off-Spec Solutions, LLC and Off-Spec Solutions Southeast, LLC et al.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS D. SCOYNI,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL R. SALVADOR, CHRISTOPHER A. SALVADOR, WAYNE J. SALVADOR, | Case No. 1:18-CV-506-BLW<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR ALLOWANCE OF ATTORNEY'S FEES** |

WILLIAM WARDWELL, (Offspec
Solutions, LLC, Offspec Solutions Southeast,
et al),

             Defendants.

OFF-SPEC SOLUTIONS, LLC, a Delaware
Limited liability company,

             Counterclaimant,

vs.

NICHOLAS D. SCOYNI, an individual,

             Counterdefendant.

Defendants/Counterclaimants Daniel Salvador, Christopher Salvador, Wayne Salvador, Off-Spec Solutions, LLC, and Off-Spec Solutions Southeast (collectively "Defendants"), by and through their attorneys of record, hereby submit this Memorandum in Support of Defendants' Motion for Allowance of Attorney's Fees pursuant to Federal Rule of Civil Procedure 54(d)(2), District of Idaho Local Rule 54.2, and Idaho Code §§ 12-120(3) and 12-121.

## I. __INTRODUCTION__

On November 14, 2018, Plaintiff filed his Complaint alleging a breach of contract claim, a defamation claim, and a claim for trademark infringement. (Dkt. 1, pp. 1-9.) After over a year of unnecessary litigation, the Court granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's claims in their entirety. (Dkt. 94, pp. 1-21.) The Court issued Judgment in this case on February 12, 2020. (Dkt. 98.) Plaintiff has now appealed the Court's decision to the Ninth Circuit Court of Appeals – making this appeal the fourth that Plaintiff had filed in this case.

(Dkts. 12, 16, 24, 96.)  Prior to filing this Motion and Defendants' Bill of Costs, Defendants' counsel attempted to resolve this case with Plaintiff, but such efforts were unsuccessful. (Affidavit of Richard H. Greener in Support of Defendants' Motion for Allowance of Costs ("Greener Aff."), filed herewith, ¶ 4.)

This Memorandum will address why the Defendants are entitled to an award of attorney's fees incurred in opposing the Plaintiff's factually and legally unsupportable claims and motions in this case.  Simply put, Plaintiff's claims were frivolous and without foundation as to their necessary elements from inception, and they were pursued frivolously and unreasonably by Plaintiff throughout the pendency of this litigation.  Defendants, therefore, should be awarded attorney's fees pursuant to Idaho Code § 12-121.

Defendants are also entitled to an award of fees under Idaho Code § 12-120(3) because Plaintiff's alleged oral contract claim involved the alleged licensing or "use" of intellectual property, necessarily involving a commercial transaction.  An award in favor of Defendants for the reasonable attorney's fees necessarily incurred in defending Plaintiff's oral, commercial contract claim is justified under Idaho Code § 12-120(3).[1]

## II.  LAW & ARGUMENT

### A.    Substantive and Procedural Standards for Attorney Fee Awards.

In diversity actions such as this, state substantive law governs the award of attorney fees (*i.e.*, Idaho law), and the procedure for requesting an award of attorney fees is governed by federal law.  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).  Federal Rule of Civil Procedure 54 governs the award of attorney's fees, which provides:

(A) *Claim to Be by Motion*.  A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to

---

[1] Defendants are not seeking the attorney's fees incurred relating to the work performed by the firms Givens Pursley LLP or Shaver and Swanson, LLP.  (Greener Aff., ¶ 4.)

be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion*.  Unless a statute or a court order provides otherwise, the motion must:

> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

FED. R. CIV. P. 54(d)(2) (italics in original); Dist. Idaho Loc. Civ. R. 54.2.  "After determining that a basis exists for a proper award of attorney fees, the Court must calculate a reasonable fee award." *Thornton v. Kenneth J.*, No. 2:18-cv-00182-DCN, 2019 WL 3877368, at * 1 (D. Idaho Aug. 16, 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Determining the amount of reasonable attorney's fee typically involves a two-step process. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  First, the Court must calculate the "'lodestar' by multiplying the number of hours reasonably expended by a reasonable hourly rate," and, second, the Court must decide whether to enhance or reduce the lodestar figure based on a variety of factors commonly referred to as the *Kerr* factors. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *United Steelworkers of Am v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir 1990).  The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)).

Here, the bases for the Defendants' entitlement to an award of attorney's fees are Idaho

Code §§ 12-120(3) and § 12-121.  Fed. R. Civ. P. 54(B)(ii).  Under Idaho Code § 12-121, a court:

> may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation.

I.C. § 12-121; *Berkshire Investments, LLC, v. Taylor*, 153 Idaho 73, 87 (2012) (defendants entitled to an award of attorney's fees at the trial court and on appeal under Idaho Code § 12-121); *Thorton*, 2019 WL 3877368, at * 1 ("Idaho Code section 12-121 'applies to the case as a whole.'" (citations omitted)); *Nelson-Ricks Cheese Company v. Lakeview Cheese Company, LLC*, No. 4:16-cv-00427-DCN, 2018 WL 6186798, at *5 (D. Idaho Nov. 27, 2018) (awarding § 12-121 fees due to plaintiff's "sheer lack of evidence in support of any colorable claim – not just unsuccessful arguments at summary judgment – is the reason [plaintiff] should not have pursued this case").

Idaho Code § 12-120(3) provides for an award of attorney's fees where there is a commercial transaction at issue:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term 'party' is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision.

I.C. § 12-120(3). The "crucial test in determining whether a civil action arose out of a commercial transaction is whether the commercial transaction comprises the gravamen of the lawsuit; it must be integral to the claim and constitute the basis upon which the party is attempting to recover." *Johannsen v. Utterbeck*, 146 Idaho 423, 432 (2008) (recognizing that the successful dismissal of a claim on summary judgment means the defendant is the "prevailing party" for purposes of a fee award under § 12-120(3)); *Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV03-439-S-EJL, 2007

WL 844880, at *3-*4 (D. Idaho Mar. 16, 2007). "Where an action is one to recover in a commercial transaction, that claim triggers the application of [§] 12-120(3) and the prevailing party may recover fees 'regardless of the proof that the commercial transaction did in fact occur.'" *Mackay v. Four Rivers Packing Co*., 145 Idaho 408, 415 (2008).

Attorney's fees may be awarded against a pro se litigant because they "'are not accorded any special consideration simply because they choose to represent themselves." *Breinholt v. Popular Warehouse Lender*, No. 10-cv-00587-EJL, 2013 WL 792695, at *2 (D. Idaho Mar. 4, 2013) (citing *Indian Springs L.L.C. v. Anderson*, No. 38369-2010, 2012 WL 4055340, at *7 (D. Idaho Sept. 14, 2012)).

**B.      The Circumstances of This Case Justify an Award of Attorney's Fees to Defendants Pursuant to Idaho Code § 12-121.**

As the prevailing parties, the Court should award Defendants their reasonably incurred attorney's fees against the Plaintiff, pursuant to Idaho Code § 12-121, because Plaintiff's entire case, and each and every one of the claims asserted by Plaintiff, were brought, pursued frivolously, unreasonably, and without any factual foundation.  I.C. § 12-121.

With respect to Plaintiff's defamation claim, the Court determined that it was "meritless, being without basis in fact or law." (Dkt. 94, pp. 6-7.)  The Court determined that Plaintiff presented no evidence that the cease and desist letter (which apparently formed part of the basis for this claim) referred with particularity to Plaintiff, that there was "no evidence, other than threadbare allegations, of Defendants' activities on Facebook or other social media platforms" (another basis for the claim), and that any statements made by Defendants in this case or before the United States Trademark Trial and Appeal Board or otherwise were protected by the litigation privilege.  (*Id*.)  As such, the Court held that Plaintiff's defamation claim failed as a matter of law and granted Defendants' Motion for Summary Judgment as to the claim.  (*Id*.)

Likewise, the Court found that Plaintiff's contract claim failed because there were "no facts in the record that would allow an objective, reasonable person to conclude that an agreement consistent with the allegations in the complaint and briefing existed between Plaintiff and the Salvador Defendants." (*Id*., p. 8.)  Plaintiff *himself* testified that Defendant Christopher Salvador never accepted Plaintiff's alleged oral offer, which non-acceptance was also confirmed by Plaintiff's *own* witness, Mary Hofstetter.  (*Id*., at pp. 10-11.)  The Court ultimately held that "a reasonable jury could not find there was a mutual meeting of the minds sufficient to support mutual assent and contract formation," and granted Defendants' Motion for Summary Judgment on Plaintiff's contract claim.  (*Id*.)

With respect to Plaintiff's trademark claims, the Court found that "the evidence submitted by Plaintiff of his 'use' of the mark [was] not evidence of bona fide use in commerce required by the Lanham Act." (*Id*., at pp. 16-17.)  Rather, the Court determined Plaintiff's evidence of "use" was "token use that does not create trademark rights," and that Defendants had presented evidence sufficient to rebut the presumption of Plaintiff's trademark ownership.  (*Id*.)  Furthermore, Plaintiff did not present "any evidence suggesting confusion between his business and Off-Spec Defendants' business is probable," and Plaintiff failed present any "evidence of actual damages, let alone any reasonable estimation of the amount of damages." (*Id*., at p. 17.)  As a result, the Court granted Defendants' Motion for Summary Judgment on Plaintiff's trademark claims under the Lanham Act and Idaho law.  (*Id*., at pp. 17-19.)

In summary of the forgoing, Plaintiff never had any evidence, admissible or otherwise, to support his claims for defamation, breach of contract, or trademark infringement.  Such claims were factually and legally deficient when Plaintiff first filed his Complaint. *Berkshire Investments*, 153 Idaho at 87; *Thorton*, 2019 WL 3877368, at * 1; *Nelson-Ricks Cheese Company*, 2018 WL 6186798, at *5. An award of § 12-121 fees in favor of Defendants is justified.

Plaintiff also *pursued* his meritless claims unreasonably, which greatly increased Defendants' incurred fees. *Win Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 754-55 (2002) (citing, in part, *Ortiz v. Reamy*, 115 Idaho 1099, 1100-01 (Ct. App. 1989.) (distinguishing between the terms "brought" and "pursued" contained in § 12-121). Plaintiff filed no less than 15 Motions, most of which required Defendants' counsel to respond to, and all of which were denied:

| Dkt | Date | Plaintiff's Motion | Disposition |
|-----|------|--------------------|-------------|
| 2 | 11/21/2018 | Motion for Partial Summary Judgment | Denied |
| 10 | 12/12/2018 | Motion for Default Judgment Civ Rule 55 | Denied |
| 13 | 12/17/2018 | Motion for Partial Summary Judgment | Denied |
| 47 | 05/13/2019 | Motion to Compel, Motion to Dismiss, Motion to Limine | Denied |
| 48 | 05/16/2019 | Motion to Terminate or Limit (i.e. Plaintiff's deposition) | Denied |
| 50 | 05/16/2019 | Motion disqualification judge, or magistrate judge | Denied |
| 51 | 05/16/2019 | Motion for correction of clerical mistake 90(a) | Denied |
| 52 | 05/16/2019 | Motion for Summary Judgment | Denied |
| 73 | 09/25/2019 | Motion for Sanctions | Denied |
| 75 | 10/01/2019 | Motion for Summary Judgment | Denied |
| 81 | 10/17/2019 | Motion to Strike | Denied |
| 82 | 10/17/2019 | Motion to treble damage award | Denied |
| 90 | 11/08/2019 | Motion to Strike/Motion for Sanctions | Denied |
| 95 | 2/10/2020 | Motion for Reconsideration | Denied |

Because of the vexatious litigation conduct of Plaintiff, Defendants had no choice but to incur fees in order to defend against the numerous motions that Plaintiff filed. The fees incurred by Defendants would have been much, much less if Plaintiff had not repeatedly filed frivolous

motions. In fact, Plaintiff (as well as Defendants) were warned by the Court that monetary or other sanctions would be considered if the parties violated the "template of the rules" and the Court's Scheduling Order. (Dkt. 19, p. 7.) The Plaintiff did not comply with the Court's directive. (*See, e.g.*, Dkts. 52, 67.) Plaintiff's conduct demonstrates that his claims were not only *brought* frivolously, unreasonably, and without foundation, but they were also *pursued* frivolously, unreasonably, and without any factual or legal foundation – thereby further warranting an award of § 12-121 attorney's fees to Defendants. *Win Michigan, Inc.*, 137 Idaho at 754-55.

C.     **As the Prevailing Parties, Defendants are Entitled to an Award of Fees Under Idaho Code § 12-120(3) Because the Gravamen of Plaintiff's Breach of Contract Claim is a Commercial Transaction.**

Plaintiff alleged that in 2012 he entered into an oral contract with Defendant Christopher Salvador regarding the use or "lease" of Plaintiff's alleged trademark, and that the Defendants breached the alleged oral contract by using Plaintiff's mark without making payment pursuant to the alleged oral contract. (Dkt. 1, pp. 5-6.) The gravamen of Plaintiff's alleged oral contract claim for the use of Plaintiff's alleged trademark is not a "transaction for personal or household purposes," but one sounding in a commercial transaction. I.C. § 12-120(3); *see Campbell v. Parkway Surgery Center, LLC*, 158 Idaho 957, 969-70 (2015) (awarding fees to prevailing party for breach of oral contract involving commercial transaction (an employment contract); *Mackay*, 151 Idaho at 399 (same). Therefore, Defendants are entitled to an award of the attorney's fees they incurred in successfully defending against and in obtaining summary judgment on Plaintiff's oral contract claim pursuant to Idaho Code § 12-120(3), which fees are reasonably estimated to total $**5,963.50**. (Greener Aff., ¶ 7 (approximately 1/3 of the PBL fees incurred related to the preparation of Defendants' Motion for Summary Judgment (Dkt. 83)).

D.     **Pursuant to the *Kerr* Factors, Defendants are Entitled to an Award of Their Reasonable Attorney's Fees in the Amount of $52,430.00.**

Since Parsons Behle & Latimer appeared in this case, Defendants have incurred **$52,430.00** in attorney's fees and paralegal fees in defending against Plaintiffs' claims through February 21, 2020. (Greener Aff., ¶ 7.)   Defendants estimate that they will incur an estimated additional 15 hours' worth of fees in preparing this motion and in responding to Plaintiff's anticipated objection to Defendants' fee requests.  (Greener Aff., ¶ 6.)  Under Idaho and Ninth Circuit law, a prevailing party may recover fees for time reasonably expended on a seeking attorney's fees and costs. *Beco v. Construction Co., Inc. v. J-U-B Engineers, Inc.*, 233 P.3d 1216, 1220 (Idaho 2010); *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990).  Under Idaho Code § 12-121, the total amount of **$52,430.00** in fees incurred by Defendants in defending this action and in obtaining summary judgment on all of Plaintiff's claims are reasonable and should be awarded in full.  If the Court determines that an award under § 12-121 is not justified, then the total amount of fees incurred by Defendants in obtaining summary judgment on Plaintiff commercial contract claim, **$5,963.50**, are reasonable and should be awarded in full.  Based on the record, however, the full award of fees under § 12-121 is more than justified.

First, a significant amount of time and labor was necessary to defend against Plaintiff's meritless claims.  Defendants' counsel were required to analyze and respond to Plaintiff's meritless motions, as set forth above. (Greener Aff., Ex. A.) Defendants' counsel were also required to take the depositions of select witnesses that Plaintiff identified and who had provided Scoyni with affidavits.  (*Id*.) Such depositions were necessary in order to establish that Plaintiff's claims lacked any legally recognized evidentiary foundation, and to obtain the necessary testimony that would (and ultimately did) support Defendants' successful Motion for Summary Judgment. All of the work performed by Defendants' counsel was reasonably and necessarily expended considering Plaintiff's claims and unreasonable litigation conduct.

Second, the attorneys' and paralegals' hourly rates are commensurate with the experience and qualifications of each timekeeper and are reasonable and customary for the area.  (Greener Aff*., ¶ 9); see Breinholt*, 2017 WL 792695, at * 2 (average billing rate per hour of $207 found to be reasonable and customary in 2013).

Third, the attorneys representing Defendants have the experience, ability, and skill to perform the legal services that were properly provided to Defendants.  Richard H. Greener and Slade D. Sokol were the principal litigators on this case, and both are members of the Idaho bar. Mr. Greener has extensive litigation experience and Mr. Sokol has eight years of litigation experience. In addition to the principal attorneys involved, Defendants had the support of experienced and skilled paralegals and staff.  (Greener Aff., ¶¶ 5, 9.)

Fourth, and although patently unreasonable, Plaintiff claimed $48,288,200 in damages. (Dkt. 1, p. 5.)  Disposing of Plaintiff's case on summary judgment was an excellent result, which reflects the diligence and determination of Defendants' lawyers.

Sixth, the desirability of this case is minimal, at best.  Plaintiff was overly contentions and difficult to litigate against given the multitude of motions he filed and emails he sent, some of which were insulting.  (Greener Aff., Ex. B.) Defendants also had to seek the involvement of the Court's Law Clerk to mediate numerous, unwarranted issues and disputes raised by Plaintiff. (Greener Aff., Ex. A, pp. 13-14 (*e.g.*, SDS Time Entry, dated May 10, 2019 – Plaintiff's refusal to set and attend his requested deposition; SDS Time Entry, dated May 29, 2019 – Plaintiff's accusations of witness tampering).)

Considering the spurious claims and motions that Defendants' counsel were required to address and successfully defend, it is respectfully submitted that the attorney's fees incurred by Defendants were wholly reasonable and necessary, under both § 12-120(3) and § 12-121.  *Kerr*, 536 F.2d at 70.  Pursuant to Idaho Code § 12-121, the attorney's fees in the amount of **$52,430.00**

should be deemed by this Court as reasonably and necessarily incurred, and this Court should order Plaintiff to pay these fees in their entirety. *Breinholt*, 2013 WL 792695, at *2; *Indian Springs L.L.C.*, 2012 WL 4055340, at *7.  Alternatively, and to reiterate, if the Court determines that an award of fees under § 12-121 are not warranted (which Defendants respectfully contend they are), the attorney's fees in the amount of **$5,963.50**, which related to Plaintiff's contract claim, should be deemed reasonably and necessarily incurred, and awarded to Defendants under § 12-120(3). *Id*; *Campbell*, 158 Idaho at 969-70.

## III. CONCLUSION

For the foregoing reasons, an award of Defendants reasonable attorney fees is warranted pursuant to Idaho Code §§ 12-120(3), 12-121, interpreting case law, Federal Rule of Civil Procedure 54(d)(2), and District of Idaho Local Rule 54.2.

DATED this 26th day of February, 2020.

PARSONS BEHLE & LATIMER

_____
 Richard H. Greener / Slade D. Sokol
 Attorneys for Defendants/Counterclaimant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2020, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

   None

AND I FURTHER CERTIFY that on such date, I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid, addressed as follows:

Nicholas D. Scoyni
1701 Blaine Boulevard
Caldwell, ID 83605

with courtesy copy via email addressed to Nicholas D. Scoyni at *Kaplanstudent2@hotmail.com*.


_____
   Richard H. Greener / Slade D. Sokol